```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
THE NEW YORK CITY DISTRICT                                   :
COUNCIL OF CARPENTERS PENSION                                :
FUND, WELFARE FUND, ANNUITY FUND,                            :
AND APPRENTICESHIP, JOURNEYMAN                               :       19-CV-4800 (VSB)
RETRAINING, EDUCATIONAL AND                                  :
INDUSTRY FUND ET AL.,                                        :       OPINION & ORDER
                                                             :
                                        Petitioners,         :
                                                             :
                    -v-                                      :
                                                             :
CORNERSTONE CARPENTRY LIMITED,                               :
                                                             :
                                        Respondent.          :
                                                             :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/2020

Appearance:

Nicole Marimon
Virginia & Ambinder, LLP
New York, New York
*Counsel for Plaintiff*

VERNON S. BRODERICK, United States District Judge:

Before me is the petition of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational, and Industry Fund; the Trustees of the New York City Carpenters Relief and Charity Fund; the New York City and Vicinity Carpenters Labor-Management Corporation; and the New York City District Council of Carpenters (collectively, "Petitioners") to confirm and enforce an arbitration award against Cornerstone Carpentry Limited (the "Company") pursuant to § 301(c) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. Because I find that there is no genuine issue as to any material fact and no indication in the record that any grounds

for vacating or modifying the arbitration award exist, the petition is GRANTED and the arbitration award is confirmed, less the amount already paid towards it by Respondent. Petitioners' request for attorneys' fees, costs, and post-judgment interest is GRANTED IN PART and DENIED IN PART.

### I.     **Background**[1]

"Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the 'ERISA Funds') are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with [Employee Retirement Income Security Act]" ("ERISA'"). (Pet. ¶ 4.) Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). (*Id.* ¶ 5.) Petitioner New York City and Vicinity Carpenters Labor-Management Corporation (together with the ERISA Funds and the Charity Fund, the "Funds") is a New York not-for-profit corporation. (*Id.* ¶ 6.) Petitioner New York City District Council of Carpenters (the "Union") is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the Labor Management Relations Act, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of the Respondent. (*Id.* ¶ 7.) All Petitioners are based in New York. (*Id.* ¶¶ 4–7.)

Respondent, a New York corporation, is an employer within the meaning of § 3(5) of ERISA, 29 U.S.C. § 1002(5), and an employer in an industry affecting commerce within the

---

[1] The following facts are drawn from the Petition to Confirm an Arbitration Award (the "Petition" or "Pet."), (Doc. 1), and the supporting evidence submitted by Petitioners, including the opinion and award of Arbitrator Roger Maher (the "Award"), (*see id.* Ex. E).

meaning of § 501 of the LMRA, 29 U.S.C. § 142. (*Id.* ¶ 8.)  Respondent was a member of The Association of Wall-Ceiling & Carpentry Industries of New York ("WCC").  (*Id.* ¶ 9 & Ex. A.)  As a member of WCC, Respondent was bound to a collective bargaining agreement (the "CBA") executed between WCC and the Union, which was effective from July 1, 2011 through June 30, 2017 and which contained a clause providing that the CBA would automatically renew at one-year intervals unless written notice was provided.  (*Id.* ¶ 11–12 & Ex. D, Art. XX.)  Under the CBA, Respondent was required to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction covered by the CBA.  (*Id.* ¶¶ 14–15.)  The CBA also binds employers to the policies and regulations adopted by the Funds' Trustees.  (*Id.* ¶ 14 & Ex. D, Art. XVI §§ 5–6.)  One such policy, the Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"), provides that in the event "any dispute or disagreement arise between the parties hereto, or between the Union and any Employer-member signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder[.]"  (*Id.* ¶¶ 15–16 & Ex. D, Art. XVI, § 12; Ex. E, § IV(10).)  If arbitration is initiated, the CBA and Collection Policy empower the arbitrator "to award such interest, liquidated damages, and/or costs as may be applicable under this Agreement and Declaration of Trust establishing such Fund."  (*Id.* ¶ 17 & Ex. D, Art. XVI, § 11 (b); Ex. E, § IV(11).)  The CBA and Collection Policy further provide that, should the Funds be required to arbitrate a dispute or file a lawsuit against an employer, the Funds shall collect, in addition to the delinquent contributions:  (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%, compounded daily on a declining principal basis and accruing up to the date when payment of the delinquent contributions is received; (2) liquidated damages in the amount

of 20% of the unpaid contributions; and (3) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies. (*Id.* ¶ 18–19 & Ex. D, Art. XVI, § 11; Ex. E, §§ IV(11), V(1), (4)-(6).)

The present dispute arose when Respondent failed to remit all required late payment interest to the Funds in the amount of $7,085.08. (*Id.* ¶ 20.) Pursuant to the CBA's arbitration clause, Petitioners initiated arbitration before designated arbitrator Roger Maher. (*Id.* ¶ 21.) The arbitrator provided notice of a hearing on August 24, 2018, (*Id.* Ex. F), and the hearing was held on November 14, 2018, (*id.* F, G). Respondent did not appear at the hearing, request an extension of time to appear at the hearing, or adjournment of the hearing. (*Id.* Ex. G. 1–2.)

The arbitrator examined the evidence and issued an award (the "Award") finding that that Respondent violated the CBA when it failed to remit the required interest on late payments, and ordered Respondent to pay the Funds the sum of $9,485.08, consisting of (1) late payment interest for the period November 26, 2013 through June 26, 2018 of $7,085.08; (2) court costs of $400; (3) attorneys' fees of $1,500; and (4) the arbitrator's fee of $500. (*Id.* ¶ 23 & Ex. G.) The arbitrator also found that interest at a rate of 7% would accrue on the Award from the date of the issuance of the Award. (*Id.*) As of the date of the Petition, Petitioners state that Respondent paid a total of $2,844.00 toward the Award, leaving a balance of $6,641.08 unpaid. (*Id.* ¶ 25.)

Petitioners commenced this action to confirm the Award on May 23, 2019, by filing the Petition along with a memorandum of law and exhibits in support. (Docs. 1, 5.) I then entered a scheduling order directing Petitioners to file and serve any additional materials in support of the Petition by June 21, 2019, Respondent to serve any opposition by July 26, 2019, and Petitioners to file any reply by August 9, 2019. (Doc. 7.) Petitioners effected service of

the Petition on Respondent on June 3, 2019.  (*See* Docs. 8–11.)  To date, Respondent has not answered the Petition, requested additional time, or otherwise appeared in this case.

## II. Legal Standards

### A. *Labor Management Relations Act*

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."  *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).  A court's review of a final arbitration award under the LMRA is "very limited."  *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

"Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court."  *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 1:16-cv-6004-GHW, 2016 WL 7335672, at *2 (S.D.N.Y. Dec. 16, 2016) (internal quotation marks omitted).  "Because the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of arbitration awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice."  *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (internal quotation marks omitted).  Thus, "barring exceptional circumstances—such as fraud or an arbitration decision that violates public policy—a reviewing court must confirm an arbitration award so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority."  *Trs. of N.Y.C. Dist. Council*


of *Carpenters Pension Fund v. A to E Inc.*, No. 16-cv-4455 (CM), 2018 WL 1737133, at *4 (S.D.N.Y. Mar. 20, 2018) (internal quotation marks omitted).

### B. *Summary Judgment*

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Instead, an unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *Id.* at 110. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* To defeat a summary judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1). In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the

movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3).

However, "[e]ven unopposed motions . . . must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). In other words, "the showing required to avoid confirmation is very high." *Id.*

### III.   Discussion

#### A.   *Confirmation of the Award*

Having examined the record put before me by Petitioners, I find that no genuine issues of material fact exist in this case. There is also no indication in the record before me that the Award was procured through fraud or dishonesty or that the arbitrator was acting in disregard of the CBA or outside the scope of his broad authority to resolve this dispute between the parties. Rather, the record demonstrates that the arbitrator based his award on undisputed evidence presented by Petitioners that an audit revealed that Respondent was delinquent on interest payments accrued between November 26, 2013 and August 28, 2018. (Pet. Ex. G, at 2.) The record also establishes that the arbitrator based his award of interest, fees, and costs on the provisions of the CBA and related agreements. (*Id.*; *see also id.* Ex. D, Art. XVI, § 11; Ex. E, §§ IV(11), V(1), (4)-(6).) Accordingly, Petitioners' motion is granted and the Award is confirmed, less the amount already paid towards it by Respondent. *See, e.g.*, *Trs. of Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Training Program Fund v. All Clean Envtl., LLC*, No. 1:20-CV-00624-GHW, 2020 WL 2087680, at *4 (S.D.N.Y. Apr. 30, 2020).

#### B.   *Attorneys' Fees, Costs, and Disbursements*

Petitioners seek attorneys' fees and costs incurred in bringing this action. "Section 301 of the [LMRA] does not provide for attorney's fees in actions to confirm and enforce an

arbitrator's award." *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).  However, in actions to confirm arbitration awards, the "guiding principle" is that "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (internal quotation marks omitted).  In the instant case, Respondent has neither complied with the Award nor offered any justification for its failure to do so.  Accordingly, an award of attorneys' fees is appropriate. *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15-CV-9040 (RA), 2016 WL 6952345, at *5 (S.D.N.Y. Nov. 28, 2016).

"The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." *1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.*, No. 13 Civ. 2608(JGK), 2014 WL 840965, at *10 (S.D.N.Y. Mar. 4, 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).  The starting point in analyzing whether claimed attorneys' fees are reasonable is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro–N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).  In order to support their request for attorneys' fees, petitioners must submit "contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (alterations and internal quotation marks omitted).  !

Petitioners were represented by Virginia & Ambinder, LLP ("V&A") and have submitted copies of V&A's contemporaneous billing records. (Pet. ¶¶ 31–32 & Ex. H.)  Petitioners seek $1,567.50 for 5.7 hours billed by two attorneys.  Nicole Marimon, a 2014 graduate of Fordham University School of law and a partner at V&A, is billed out by the firm at a rate of $275 per hour and spent .7 hours on the case. (Pet. ¶ 31 & Ex. H.)  Kelly Malloy, a 2018 graduate of St.

John's University School of Law and a former associate at V&A, was billed out by the firm at a rate of $275 per hour and spent 5 hours on the case. (Pet. ¶ 31 & Ex. H.)

I have reviewed the contemporaneous time records, compared them against the prevailing rates in the community, and I find the rate requested for the work of Ms. Marimon to be reasonable. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ., & Indus. Fund v. W.W. Timbers, Inc.*, No. 19 Civ. 6132 (ER), 2020 WL 1922374, at *5 (S.D.N.Y. Apr. 21, 2020) (awarding both Ms. Marimon her requested rate of $275 per hour for work performed in 2019); *see also Bennett v. Asset Recovery Sols., LLC*, No. 14-CV-4433 (DRH) (SIL), 2017 WL 432892, at *7 (E.D.N.Y. Jan. 5, 2017) (finding that courts "regularly approve hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals"); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund*, 2016 WL 7335672, at *4 (noting, in 2016, that rates of $300 per hour for "of counsel," $225 per hour for associates and law clerks, and $100 per hour for paralegals were reasonable).

However, I find that the rate requested for the work of Ms. Malloy is unreasonable. At the time she began work on this file, she had been out of law school for less than a year. Other courts in this District have recently reduced the rate billed for Ms. Malloy's work at V&A to $225 per hour, in light of her level of experience. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. S&S Kings Corp.*, No. 19-CV-01052 (RA), 2019 WL 4412705, at *5 (S.D.N.Y. Sept. 16, 2019) ($225 per hour); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Metro. Exposition Servs., Inc.*, No. 19-CV-149 (AJN), 2019 WL 2004279, at *4 (S.D.N.Y. May

7, 2019) ($225 per hour).  I find this to be an appropriate rate and will also calculate Ms. Malloy's fees at a rate of $225 per hour.

Accordingly, based on the hourly rate set forth above, and the number of hours accrued in this matter, Petitioners shall be awarded $1317.50 in attorneys' fees.

Petitioners also seek to recover $75.00 in service fees and $53.22 in postage fees.  (Pet. ¶ 36 & Ex. H.)  "Recovery of such costs is routinely permitted." *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 1:16-cv-1115-GHW, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases).  Accordingly, Petitioners' request for costs in the total amount of $128.22 is granted.

### C. *Post-Judgment Interest*

Petitioners also seek post-judgment interest. (*See* Pet. at 7.)  "The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered," including orders that confirm arbitration awards.  *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Windham Constr. Corp.*, No. 1:17-cv-4630 (VSB) (SDA), 2017 WL 9472944, at *4 (S.D.N.Y. Dec. 27, 2017), *report and recommendation adopted*, 2018 WL 2338790 (S.D.N.Y. May 22, 2018).  Accordingly, Petitioners are entitled to post-judgment interest from the date of entry of the Court's judgment, at the rate provided for by 28 U.S.C. § 1961.

### IV. Conclusion

For the foregoing reasons, Petitioners' motion is GRANTED IN PART and DENIED IN PART.  The Award is confirmed, less the amount already paid towards the Award by Respondent, and the Clerk of Court is directed to enter judgment in favor of Petitioners and

against Respondent in the amount of $6,641.08, plus interest from the date of the Award through the date of judgment at a rate of 7 percent.  Petitioners are further awarded attorneys' fees in the amount of $1317.50, costs in the amount of $128.22, and post-judgment interest in accordance with 28 U.S.C. § 1961(a).

The Clerk of the Court is further directed to close the case.

SO ORDERED.

Dated: October 22, 2020
       New York, New York

Vernon S. Broderick
United States District Judge